IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CLARENCE LOCKETT, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>DPAP, INC d/b/a PETLAND, and DONALD POPHAM, individually,<br><br>    Defendants. | No. 4-10-cv-69 (CDL)<br><br>JURY DEMANDED |

COMPLAINT & DEMAND FOR JURY TRIAL

1.      The Plaintiff, Clarence Lockett ("Plaintiff"), was an employee of Defendants, DPAP, Inc. d/b/a Petland and Donald Popham (collectively sometimes "Defendants"), from November 2005 through December 2008, and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216 (b) (the "FLSA"). Plaintiff was a sales and kennel manager and performed related duties for Defendants in Muscogee County, Georgia.

2.      Defendant, DPAP Inc. d/b/a Petland, is a domestic corporation. Defendant operates and conducts business in, Muscogee County, Georgia, at its office located at 5592 Whitesville Road, Suite 1, Columbus, Georgia 31094.  At all

times relevant to this cause, Plaintiff worked for Defendant out of its Columbus, Georgia office, therefore, Defendant is within the jurisdiction of this court.

3.  At all times relevant to this action, Donald Popham was an individual resident of the State of Georgia, who owned and operated DPAP Inc., and who regularly exercised authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of DPAP Inc., Donald Popham is an employer as defined by 29 U.S.C. § 201 et seq.

4.  This action is brought pursuant to the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendants at any time within the past three (3) years.

5.  This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6.  This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendants at any time within the past three (3) years.

7. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

8. Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.00.

9. Defendants are engaged in interstate commerce and were so engaged during Plaintiff's employment with Defendants.

10. Defendants have two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

11. Plaintiff and those similarly situated to him were individually covered by the FLSA as they utilized the instrumentalities of commerce.

12. At all times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty (40) within a workweek.

13. For all hours worked by Plaintiff, and those similarly situated to him, Defendants compensated Plaintiff, and those similarly situated to him, at their applicable rate, regardless of whether Plaintiff, or those similarly situated, had worked more than 40 hours during the workweek.

14. Plaintiff and those similarly situated to him labored for the Defendants under a traditional employer-employee relationship.

15. Defendants failed to compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

16. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendants who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

17. Plaintiff and those similarly situated were economically dependant upon Defendants, they had no opportunity for profit or loss through the employment relationship and they made no investments in the business.

18. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody, or control of Defendants.

19. The burden of proof regarding the precise number of hours worked by Plaintiff and those similarly situated belongs to Defendants.

## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

21. During their employment with Defendants, Plaintiff and other similarly situated employees, regularly worked overtime hours but were not paid time and one-half compensation for same.

22. Defendants failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

23. Upon information and belief, Defendants' failure to properly compensate Plaintiff and other similarly situated employees for their overtime hours worked was reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

24. Defendants' knew or exhibited reckless disregard as to whether their conduct was prohibited by the FLSA, as, Defendants' have been under investigation by the United States Department of Labor regarding their pay practices and have refused to amend their pay practices.

25. Defendants' violation of the FLSA was willful, as any honest evaluation of the employer/employee relationship would clearly reflect that Plaintiff and those similarly situated to her were not independent contractors and therefore were not exempt employees.

## DAMAGES AND REQUESTED RELIEF

26. As a result of Defendant's intentional, willful, and/or reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

27. As a result of Defendant's intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages from Defendant.

28. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees demand payment of their overtime wages and at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to

29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendants's practice of not paying overtime wages to an individual solely because they are misclassified as exempt independent contractors violates the FLSA, and that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan, P.A. in prosecuting this case pursuant to 29 U.S.C. § 216(b), Plaintiff agrees that reasonable hourly rates for the employment attorneys of Morgan & Morgan, P.A. are $300 to $400 per hour, and such further relief as this Honorable Court may deem to be just and proper.

Respectfully submitted this the 24th day of June, 2010.

                MORGAN & MORGAN, PA

            By:  s/ Jennifer M. Bermel
                JENNIFER M. BERMEL
                GA BAR NO: 794231
                Morgan & Morgan, P.A.
                One Commerce Square, 26th Floor
                Memphis, TN  38103
                Phone:  901-217-7000
                Attorney for Plaintiff
                Fax: (901) 333-1871
                Email: jbermel@forthepeople.com

**EXHIBIT A**